IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRIAN C. MENDELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:11-cv-1020-DGW |
| ) | |
| JON KLINE and KENDRA STEINMETZ, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court are the Motion for Leave to File Second Amended Complaint filed by Plaintiff, Brian C. Mendell, on June 14, 2013 (Doc. 68) and the Motion for Status of Case filed by Plaintiff on August 28, 2013 (Doc. 71). The Motion to Amend is **DENIED** and the Motion for Status is **DENIED AS MOOT**.

The First Amended Complaint in this matter alleges that Defendants Jon Kline and Kendra Steinmetz violated Plaintiff's rights by denying him access to his tarot cards while he was an inmate at the Big Muddy River Correctional Center on November 16, 2009. Defendants filed an Answer to the Amended Complaint on December 18, 2012 (Doc. 50) and a Motion for Summary Judgment on Exhaustion on March 6, 2013 (Doc. 59) which was denied on June 3, 2013 (Doc. 67). Currently, this matter is subject to a September 5, 2013 dispositive motion filing deadline.

In the Motion to Amend, Plaintiff seeks to add identical claims against two new Defendants who work at his current place of incarceration, the Shawnee Correctional Center. These two new proposed Defendants are Michael Williams and Correctional Officer Chance and the alleged violations occurred on October 14-16, 2012. Plaintiff also attempts to claim that each

Defendant conspired with each other to deprive him of his rights.

Federal Rule of Civil Procedure 15(a) provides that leave to amend should be freely given when justice so requires. Leave to amend may be denied if there is "undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008). There are at least two reasons why leave to amend will not be granted in this matter.

First, bringing in two new Defendants and new claims, at this stage of the proceedings, will result in undue delay. Discovery has closed and this matter is on the eve of dispositive motions. Allowing the amendment will result in at least a six month delay in resolution of these proceedings. New Defendants will need to be served, discovery will need to occur, new dispositive motion filing deadlines will need to be set, and a second *Pavey* hearing may be necessary. Second, and more importantly, while the proposed claim is identical to the one before the Court, Plaintiff is asserting it against two new Defendants for actions that occurred in a completely separate correctional facility. This new claim, while *identical*, is not *related* to the claim that is before the Court because liability in this action is couched on personal actions. If Plaintiff wishes to pursue his claims against Williams and Chance, he will be required to file a new lawsuit, and be subject to any necessary fees.

For these reasons, the Motion to Amend is **DENIED**. The Motion for Status (in which Plaintiff requests an update on the Motion to Amend) is **DENIED AS MOOT.**

**IT IS SO ORDERED.**

**DATED: August 30, 2013**

                                                      **DONALD G. WILKERSON**
                                                      **United States Magistrate Judge**