IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRIAN C. MENDELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 3:11-cv-01020-DGW |
| ) | |
| JON D. KLINE and KENDRA STEINMETZ, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

This matter is before the Court on the Motion for Summary Judgment on the Issue of *Res Judicata* filed by Defendants, Jon D. Kline and Kendra Steinmetz, on December 9, 2013 (ECF 87). For the reasons set forth below, the Motion for Summary Judgment is **DENIED**.

### INTRODUCTION

Plaintiff, Brian C. Mendell, is an inmate currently housed at the Shawnee Correctional Center. The events giving rise to his Complaint occurred while he was incarcerated at the Big Muddy Correctional Center ("Big Muddy CC") on or around November 16, 2009. Plaintiff alleges that he is a practitioner of the Wiccan faith and requires access to tarot cards. While incarcerated at Big Muddy CC, Plaintiff was allegedly denied use and possession of tarot cards by Defendants Kline, a chaplain, and Steinmetz, a correctional officer. Specifically, Plaintiff claims Defendant Steinmetz was the person responsible for denying him the tarot cards and Defendant Kline authorized Defendant Steinmetz to do so. As a result of his inability to use tarot cards, Plaintiff claims that his First and Fourteenth Amendment rights were violated. Plaintiff also alleges that his rights were violated under Art. 1, § 3 of the Illinois Constitution, Illinois'

1

Religious Freedom Restoration Act, 775 Ill. Comp. Stat. 35/1, *et seq.*, and the Religious Land Use and Institutionalized Persons Act (RLUIPA). 42 U.S.C. § 2000cc, et seq.

Defendants have filed a Motion for Summary Judgment on *Res Judicata* grounds, arguing that Plaintiff already has litigated the claims made in his Federal Complaint in state court (ECF 87). In particular, Defendants argue that Plaintiff raised identical claims in a state court action, entitled *Brian C. Mendell v. Michael P. Randle*, *et al.*, No. 10-MR-55, filed in the Circuit Court for the Second Judicial Circuit in Jefferson County, Illinois (hereinafter "state suit"), that was adjudicated on the merits. Plaintiff has filed a response on February 25, 2014 (ECF 95).

### BACKGROUND

Plaintiff's state suit was filed on July 12, 2010 against a number of defendants, including Jon Kline, a Defendant in this suit, but not against Defendant Kendra Steinmetz (although she is mentioned in the body of the state suit complaint) (ECF 88-1, p. 2). Plaintiff alleged the same facts as this case, namely that he was denied the use of tarot cards by C/O Steinmetz upon the direction of Chaplain Kline around November, 2009. For relief Plaintiff sought various equitable remedies including mandamus and other injunctive relief. In response to the state suit complaint, the defendants filed a motion to dismiss with two arguments: first that Plaintiff is not entitled to mandamus relief; and, second that Plaintiff failed to exhaust his administrative remedies. In ruling on the Motion, the Circuit Court of Jefferson County simply granted the motion in a docket entry, without any reasoning, and dismissed the state suit (ECF 88-3, p. 1).

### DISCUSSION

Summary judgment is proper only if the moving party can demonstrate "that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." FEDERAL RULE OF CIVIL PROCEDURE 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

*See also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005); *Black Agents & Brokers Agency, Inc. v. Near North Ins. Brokerage, Inc.*, 409 F.3d 833, 836 (7th Cir. 2005). The moving party bears the burden of establishing that no material facts are in genuine dispute; any doubt as to the existence of a genuine issue must be resolved against the moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970); *see also Lawrence v. Kenosha County*, 391 F.3d 837, 841 (7th Cir. 2004). A moving party is entitled to judgment as a matter of law where the non-moving party "has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex,* 477 U.S. at 323. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id*. The Seventh Circuit has stated that summary judgment is "the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Steen v. Myers*, 486 F.3d 1017, 1022 (7th Cir. 2007) (quoting *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005) (other citations omitted)).

*Res Judicata*, or claim preclusion, "has the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation. *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979). In the context of this § 1983 action, the law of the State that issued the first judgment, Illinois, governs the preclusive effect of that judgment. *See Hicks v. Midwest Transit, Inc.*, 479 F.3d 468, 471 (7th Cir. 2007). "The doctrine of *res judicata* provides that a final judgment on the merits rendered by a court of competent jurisdiction bars any subsequent actions between the same parties or their privies on the same cause of action." *Rein v. David A. Noyes & Co.*, 172 Ill. 2d 325, 334 (Ill. 1996). The doctrine covers matters that were decided, as well as

3

matters that could have been decided, in the original suit. *Id. Res judicata* applies when: "(1) a final judgment on the merits has been rendered by a court of competent jurisdiction; (2) an identity of cause of action exists; and (3) the parties or their privies are identical in both actions." *Hudson v. City of Chicago*, 228 Ill. 2d 462, 467 (Ill. 2008). Illinois courts define an involuntary dismissal of an action as adjudication on the merits unless it is "a dismissal for lack of jurisdiction, for improper venue, or for failure to join an indispensable party." ILL. SUP. CT. R. 273.

There was no final adjudication on the merits in this case because the state suit was dismissed on lack of jurisdiction grounds. In their motion to dismiss in the state suit, defendants argued that Plaintiff failed to exhaust his administrative remedies and that he is not entitled to mandamus relief. Failure to exhaust administrative remedies is an affirmative defense challenging the court's subject matter jurisdiction over a plaintiff's claims. *See Beahringer v. Page*, 789 N.E.2d 1216, 1224-1224 (Ill. 2003) (holding that "judicial interference must be withheld until the administrative process has run its course"); *Johnson v. Illinois Dept. of Corrections*, 857 N.E.2d 282, 285 (Ill. App. Ct. 2006); *See also James ex rel. Mims v. Mims*, 738 N.E.2d 213, 215 (Ill. App. Ct. 2000) ("The failure to commence an administrative review action, where required, is jurisdictional, and the trial court does not have subject-matter jurisdiction to act.") (citing *Mandeville v. Trucano*, 588 N.E.2d 327, 329 (Ill. App. Ct. 1992)). Defendants also argued that Plaintiff failed to show he had a right to mandamus relief.[1] Arguments challenging whether a claim for mandamus relief is appropriate also seek to contest the court's jurisdiction. *Chicago Ass'n of Commerce & Indus. v. Reg'l Transp. Auth.*, 427 N.E.2d 153, 156 (Ill. 1981)

---

[1] In particular, defendants argued that Plaintiff failed to exhaust administrative remedies prior to seeking mandamus relief and that, because the complained of conduct was discretionary in nature, the court is without the authority to compel action (ECF 88-2, pp 6-7).

("Where the performance of an official duty or act involves the exercise of judgment or discretion, the officer's action is not subject to review or control by mandamus.").

The Circuit Court did not state whether the dismissal was with or without prejudice and it also did not state which of defendants' arguments it was adopting. However, in cases where there is a failure to exhaust administrative remedies, a court generally dismisses the case without prejudice so that a plaintiff may refile his or her case after finishing all administrative procedures. *Massey v. Wheeler*, 221 F.3d 1030, 1034 (7th Cir. 2000) ("failure to plead exhaustion of all administrative remedies mandates dismissal of [the] claim without prejudice."). Because the Circuit Court found that it lacked jurisdiction to decide Plaintiff's claims and dismissed the state suit, no final judgment on the merits has been rendered by a court of competent jurisdiction. In light of this conclusion, the Court need not consider the remaining two elements of *res judicata*.

## CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment on the Issue of *Res Judicata* (Doc. 87) is **DENIED**.

This matter now appears ready for trial. A Final Pretrial Conference is hereby **SET** for **June 17, 2014** at **2:00 p.m.** Defendant shall appear by counsel and Plaintiff shall appear by videoconference. In light of Plaintiff's *pro se* and incarcerated status, Defendants are directed to draft a proposed Final Pretrial Order and submit it to Plaintiff for review and approval. Plaintiff is instructed to review Federal Rule of Civil Procedure 16 and Local Rule 16.2(b). A trial date will be set at the conference.

**IT IS SO ORDERED.**

**DATED: April 21, 2014**

                              **DONALD G. WILKERSON**
                              **United States Magistrate Judge**