IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| BRIAN C. MENDELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:11-cv-1020-DGW |
| | ) | |
| JOHN KLINE and KENDRA STEINMETZ, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

On June 30, 2014, a Final Pretrial Conference was held in which Defendants appeared by Counsel and Plaintiff appeared, *pro se*, by videoconference. During that conference, Defendants presented a proposed Final Pretrial Order to which Plaintiff objected by letter to Defendants' counsel dated June 24, 2014. In their proposed Final Pretrial Order, Defendants presented a number of issues of law that require resolution prior to trial. Defendants also point out that Plaintiff's Amended Complaint was not screened pursuant to 28 U.S.C. § 1915A. In light of this oversight, and the questions of law presented by the parties in the proposed Final Pretrial Order, the following questions are addressed below:

1. Whether the Court has jurisdiction over the claims brought under the Illinois Religious Freedom Restoration Act.

2. Whether plaintiff's Religious Land Use and Institutionalized Persons Act claim is moot as a result of his transfer to Shawnee Correctional Center.

3. Does denying an inmate tarot cards violate the Eighth Amendment?

    4.    Whether the Prisoner Litigation Reform Act bars Plaintiff's claim for injunctive and declaratory relief.

## DISCUSSION

Plaintiff asserts that Defendants' action in denying the use of Tarot cards while he was incarcerated at Big Muddy Correctional Center violated his rights under the First, Eighth, and Fourteenth Amendments to the United States Constitution, the Illinois Constitution, the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. §2000cc-1, and the Illinois Religious Freedom Restoration Act (IRFRA), 775 ILL. COMP. STAT. §35/15. Plaintiff seeks damages along with injunctive relief. Each of the questions identified above will be taken in turn:

*1.    Whether the Court has jurisdiction over the claims brought under the Illinois Religious Freedom Restoration Act.*

The IRFRA provides that "[g]overnment may not substantially burden a person's exercise of religion . . . unless it demonstrates that application of the burden to the person (i) is in furtherance of a compelling governmental interest and (ii) is the least restrictive means of furthering that compelling governmental interest." 775 ILL. COMP. STAT. §35/15. Claims pursuant to this statute for damages against a state employee in his official capacity are essentially claims against the State of Illinois – and, such claims are within the exclusive jurisdiction of the Illinois Court of Claims. *See Nelson v. Miller*, 571 F.3d 868, 885 (7th Cir. 2009); *Nelson v. Murphy*, 44 F.3d 497, 505 (7th Cir. 1995); 705 ILL. COMP. STAT. § 505/8. IRFRA claims against state employees in their individual capacity are also considered by this Court to be claims against the State of Illinois. *See Wilkins v. Walker*, 2012 WL 253442, *2 (S.D. Ill. 2012) (collecting cases). Plaintiff's claims pursuant to IRFRA are accordingly **DISMISSED WITHOUT PREJUDICE**.

*2.     Whether plaintiff's Religious Land Use and Institutionalized Persons Act claim is moot as a result of his transfer to Shawnee Correctional Center.*

Plaintiff may not seek money damages against Defendants pursuant to the RLUIPA in either their official or individual capacity – the former because they are immune from such suit, and the latter because the statute does not create such a cause of action.  *Grayson v. Schuler*, 666 F.3d 450, 451 (7th Cir. 2012).  Therefore, Plaintiff can only seek injunctive or declaratory relief pursuant to the statute.  *Charles v. Verhagen*, 348 F.3d 601, 606 (7th Cir. 2003).  In this case, Plaintiff seeks a declaratory judgment that Defendants violated his rights established by the statute and prospective injunctive relief, seeking a return of his Tarot cards.  As to prospective injunctive relief, Plaintiff has since been transferred from Big Muddy CC (he is now incarcerated at the Shawnee Correctional Center) so his claim for such relief is moot, unless he can show that he will likely be retransferred to Big Muddy CC.  *Higgason v. Farley,* 83 F.3d 807, 811 (7th Cir.1996).  Plaintiff may, however, proceed on his claim for declaratory relief against Defendants in their official capacity.  *See Nelson*, 570 F. 3d at 882-883 ("Declaratory relief survives as a predicate for damages.").  Plaintiff seeks three specific declarations: that the Wiccan faith is "a valid religion," that denial of Tarot cards is "not the least restrictive means," and that the "least restrictive means is that Plaintiff be permitted to use his Tarot cards only in his cell." (Doc. 43, p. 6).  Whether Plaintiff may in fact be entitled to declaratory relief is these areas will be considered at the conclusion of trial.  In sum, Plaintiff's prayer for injunctive relief is **DISMISSED with PREJUDICE**.

*3.     Does denying an inmate tarot cards violate the Eighth Amendment?*

The crux of Plaintiff's claim is that the denial of Tarot card substantially and unjustifiably burdens the exercise of his of his religion.   Including, as a basis of his claim, and assertion that

3

Defendant's actions also violate the Eighth Amendment, does nothing to advance Plaintiff's claim. *See Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005) ("the free-exercise claim arises under the First Amendment and gains nothing by attracting additional constitutional labels"). Plaintiff's Eighth Amendment claims are accordingly **DISMISSED with PREJUDICE.**

4. *Whether the Prisoner Litigation Reform Act bars Plaintiff's claim for injunctive and declaratory relief.*

On June 9, 2014, Plaintiff filed a Motion for Preliminary Injunction (Doc. 97), seeking an Order enjoining Defendants to return his Tarot cards. As indicated above, Plaintiff no longer is housed at Big Muddy CC, where Defendants are employed, and has filed suit against similar authorities at Shawnee Correctional Center, where he is currently housed, outlining similar claims. *Mendell v. Williams, et al.*, 3:13-cv-1076-JPG-PMF. Therefore, his RLUIPA claim for prospective injunctive relief has been dismissed as noted above; although, Plaintiff is still proceeding on his declaratory relief claim to the extent that it is a predicate for any damages he may acquire. Thus, Plaintiff can only recover damages and a declaratory judgment in this action, he is not entitled to injunctive relief. In addition, Federal Rule of Civil Procedure 65(d) provides that an injunction would only bind the parties, their agents, etc., and any person "in active concert or participation" with a party. There is no showing that Defendants in this case (or anyone acting in concert with them) are either in possession of Plaintiff's Tarot cards or that they have any ability to give Plaintiff Tarot cards now that he no longer is incarcerated in the prison where they work. This Court is without authority to issue injunctions against person who are not parties to this lawsuit. Accordingly, Plaintiff's request for prospective injunctive relief is **DENIED**.

## CONCLUSION

In light of the foregoing, the following is hereby **ORDERED**:

1. Plaintiff is proceeding on a First Amendment claim, for damages, for the denial of Tarot Cards at Big Muddy Correctional Center against Defendants Kline and Steinmetz.[1]

2. Plaintiff may be entitled to declaratory relief as outlined above.

3. Plaintiff's claims pursuant to IRFRA are **DISMISSED WITHOUT PREJUDICE**.

4. Plaintiff's prayer for prospective injunctive relief is **DISMISSED with PREJUDICE.**

5. Plaintiff's Eighth Amendment claims are **DISMISSED with PREJUDICE.**

5. Plaintiff's Motion for a Preliminary Injunction (Doc. 97) is **DENIED**.

As indicated by Notice (Doc. 108), this Matter is set for trial on August 12, 2014. A Final Pretrial Order will be entered by separate docket entry.

**IT IS SO ORDERED.**

**DATED: July 28, 2014**

          **DONALD G. WILKERSON**
          **United States Magistrate Judge**

---

[1] Defendants did not argue that Plaintiff's claims pursuant to the Illinois Constitution should also be dismissed.