IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| BRIAN C. MENDELL, #R-65962, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 11-1020-DGW |
| ) | |
| JON D. KLINE, and CORRECTIONAL ) | |
| OFFICER STEIMETZ, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION FOR JUDGMENT AS A MATTER OF LAW**

NOW COME the defendants, JON KLINE and KENDRA STEINMETZ, by and through their attorney, Lisa Madigan, Attorney General of the State of Illinois, and hereby file their memorandum in support of their motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50, stating as follows:

**INTRODUCTION**

Plaintiff, Brian Mendell, an inmate in the Illinois Department of Corrections ("IDOC") and currently housed at Shawnee Correctional Center filed the instant Complaint pursuant to 42 U.S.C. §1983. (Doc. 1). Following the merit review hearing, the Court found the Plaintiff had articulated claims against Defendants Kline and Steinmetz for violations of his rights under the First and Fourteenth Amendments, as well as under RLUIPA, and the Illinois Religious Freedom Restoration Act for the denial of tarot cards at Big Muddy Correctional Center. (Aug. 21, 2012 Memorandum and Order).

Following the pretrial conference in this case, the Court indicated that Plaintiff could proceed for violations of the free exercise clauses of the Illinois and United States Constitution. Defendants move for judgment as a matter of law for Plaintiff's claim arising under the Illinois Constitution.

## LEGAL STANDARD

A party may move for judgment as a matter of law at any time before the case is submitted to a jury if the opposing party has "been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for [him] on that issue." Fed. R. Civ. P. 50(a). If a court does not grant the motion for judgment as a matter of law made pursuant to Rule 50(a), the movant may file a renewed motion for judgment as a matter of law no later than 28 days after the jury was discharged. Fed. R. Civ. P. 50(b).

As with motions for summary judgment filed prior to trial pursuant to Rule 56, motions filed pursuant to Rule 50 should be granted upon a showing that a reasonable person could not find that the evidence justifies a decision for the opposing party on each essential element. *Mayer v. Gary Partners & Co., Ltd.*, 29 F.3d 330, 335 (7th Cir. 1994).

## ARGUMENT

1. **Plaintiff has no private right of action under Article I, Section 3 of the Illinois Constitution.**

Article I, Section 3 of the Illinois Constitution states:

The free exercise and enjoyment of religious profession and worship, without discrimination, shall forever be guaranteed, and no person shall be denied any civil or political right, privilege or capacity, on account of his religious opinions; but the liberty of conscience hereby secured shall not be construed to dispense with oaths or affirmations, excuse acts of licentiousness, or justify practices inconsistent with the peace or safety of the State. No

person shall be required to attend or support any ministry or place of worship against his consent, nor shall any preference be given by law to any religious denomination or mode of worship.

Ill. Const. art. I, § 3

The cardinal rule of statutory construction is to ascertain and give effect to the intent of the legislature. *Farrar v. City of Rolling Meadows*, 2013 IL App (1st) 130734 ¶20. "To ascertain the intent of the legislature" the court must first look to the language of the statute, examining the language of the statute as a whole, and considering each part or section in connection with every other part or section." *Id.* A statute should be construed so that no word or phrase is considered superfluous or meaningless. *Kraft, Inc. v. Edgar*, 138 Ill.2d 178, 189 (1990).

Plaintiff alleges that Defendants denied his rights under Article I, Section 3 of the Illinois Constitution. The Illinois Constitution does not expressly authorize a cause of action for constitutional violations (*compare* art. I § 3, which is silent as to enforceability, *with* art. 1, § 17 ("[t]hese rights are enforceable without action by the General Assembly")), and the Illinois Supreme Court has not addressed whether an implied cause of action exists. In considering whether to imply a private right of action into a statute, the Court considers the following factors: (1) the plaintiff is a member of the class for whose benefit the statute was created; (2) the plaintiff's injury is one that the statute was designed to prevent; (3) a private right of action is consistent with the underlying purpose of the statute; and (4) a private right of action is necessary to provide an adequate remedy for violations of the statute. *Metzger v. DeRosa*, 209 Ill.2d 30, 36 (2004).

In this case, a right of action is not necessary because Plaintiff has adequate remedies through federal law and the Illinois Freedom Restoration Act. Federal courts have held that, "where state common law or federal law provide an adequate remedy to a plaintiff, a plaintiff

may not bring a separate cause of action under the Illinois Constitution." *Hawkins v. City of Champaign, Ill.*, 2011 WL 2446321, at *5, (C.D. Ill. May 25, 2011) (citing *S.J. v. Perspectives Charter Sch.*, 685 F.Supp.2d 847, 862-63 (N.D. Ill. 2010)).  Plaintiff has an adequate remedy under Section 1983 for a violation of his First Amendment rights.  Therefore, Defendants are entitled to judgment as a matter of law on this claim.

> **2. Defendants are entitled to judgment as a matter of law on Plaintiff's Article I, Section 3 of the Illinois Constitution because the Court lacks jurisdiction over this claim.**

The Illinois Constitution of 1970 abolished sovereign immunity "[e]xcept as the General Assembly may provide by law."  ILL. CONST. art. XIII, § 4.  The legislature has, however, restored immunity to the State enacting the State Lawsuit Immunity Act, which states that "[e]xcept as provided in the Illinois Public Labor Relations Act, the Court of Claims Act, the State Officials and Employees Ethics Act, Section 1.5 of this Act, and, except as provided in and to the extent provided in the Clean Coal FutureGen for Illinois Act, **the State of Illinois shall not be made a defendant or party in any court**." 745 ILCS 5/1 (emphasis added); *see also* Cortright v. Doyle, 386 Ill. App. 3d 895, 899 (2008).  Sovereign immunity has been extended to actions where a State agency or department is named as a defendant.  Smith v. Jones, 113 Ill. 2d 126, 132-33 (1986).  A suit directed against a department or agency of the State is considered to be a suit against the State for purposes of immunity.  Ellis v. Bd. of Governors, 102 Ill. 2d 387, 394 (1984).  Because of sovereign immunity, the State or a department of the State cannot be a defendant in an action brought directly in circuit court.  Smith, 113 Ill. 2d at 132.

The Court of Claims Act established the Court of Claims and endowed it with the exclusive jurisdiction to hear certain matters, including "[a]ll claims against the State founded upon any law of the State of Illinois or upon any regulation adopted thereunder by an executive

4

or administrative officer or agency ." 705 ILCS 505/8(a). "The Court of Claims Act . . . vests the Court of Claims with exclusive jurisdiction over, *inter alia*, tort cases against the State." People v. Excavating & Lowboy Servs., 388 Ill. App. 3d 554, 558 (2009) (citing 705 ILCS 505/8(d)).

    Plaintiff has not sued the State of Illinois, but rather has named individual state employees as Defendants. However, the determination of whether an action is in fact a suit against the State turns upon an analysis of the issues involved and the relief sought, rather than the formal designation of the parties. Currie v. Lao, 148 Ill.2d 151, 158 (1992) [citations omitted]. The proper inquiry is to analyze the source of the duty the employee is charged with breaching Id. at 159. When a state employee is alleged to have breached a duty that is imposed on him solely by virtue of his State employment, sovereign immunity will bar maintenance of that action in circuit court. Id. If the duty in question is imposed on a defendant independent of his State employment, sovereign immunity will not attach. Id. See also Turner v. Miller, 301 F.3d 599, 602 (7th Cir. 2002) (Finding that a Stateville Correctional Center inmate's claim that prison administrators had negligently exposed him to electrical wires was barred by sovereign immunity because the duty owed to the inmate existed only because of his of a prisoner).

    Here, Plaintiff's state law constitutional claim is based on duties imposed as result of Defendants state employment, and therefore sovereign immunity bars maintenance of that action in federal or circuit court. Subject matter jurisdiction for such an action is only proper in the Court of Claims. See PHL, Inc., 216 Ill. 2d at 260. As a result, Defendants are entitled to judgment as a matter of law on Plaintiff's state law constitutional claim.

WHEREFORE, for the foregoing reasons, Defendants request that this Court grant their motion for judgment as a matter of law on Plaintiff's claim arising under the Illinois Constitution.

>Respectfully Submitted,
>
>JON KLINE and KENDRA STEINMETZ,
>
>>Defendants,
>
>LISA MADIGAN, Attorney General
>State of Illinois,
>
>>Attorney for Defendants,
>
>By: s/ Jennifer M. Lutzke
>>Jennifer M. Lutzke, #6299388
>>Assistant Attorney General
>>500 South Second Street
>>Springfield, Illinois 62706
>>Phone: (217) 782-9014
>>Fax: (217) 524-5091
>>E-Mail: jlutzke@atg.state.il.us

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| BRIAN C. MENDELL, #R-65962, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  No. 11-1020-DGW |
| | ) |
| JON D. KLINE, CORRECTIONAL | ) |
| OFFICER STEIMETZ, JOHN D. EVANS, | ) |
| WILLIAM PETRON, TY BATES, | ) |
| S.A. GODINEZ, RICHARD LYNCH, | ) |
| and MICHAEL SANDERS, | ) |
| | ) |
| Defendants. | ) |

**CERTIFICATE OF SERVICE**

    I hereby certify that on August 27, 2014, I electronically filed the foregoing Memorandum of Law in Support of Defendants' Motion for Judgment as a Matter of Law, with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

    None

and I hereby certify that on August 27, 2014, I mailed by United States Postal Service, the document to the following non-registered participant:

    Brian C. Mendell, #R-65962
    Shawnee Correctional Center
    6665 Route 146 East
    Vienna, IL  62995

    Respectfully Submitted,
    s/ Jennifer M. Lutzke
    Jennifer M. Lutzke, #6299388
    Assistant Attorney General
    Office of the Attorney General
    500 South Second Street
    Springfield, Illinois  62706
    Phone: (217) 782-9014
    Fax: (217) 524-5091
    E-Mail:  jlutzke@atg.state.il.us