IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRIAN C. MENDELL, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:11-cv-1020-DGW |
| ) | |
| JON D. KLINE and C/O STEINMETZ, ) | |
| ) | |
|     Defendants. ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court is the Motion for Relief from Judgment filed by Plaintiff, Brian C. Mendell, on April 27, 2015 (Doc. 130). For the reasons set forth below, the Motion is **DENIED**.

**BACKGROUND**

On September 3 and 4, 2014, a jury trial was held on Plaintiff's claim that Defendants violated his constitutional and statutory rights when they denied him access to Tarot cards, which are used as part of his faith (Wicca), while he was incarcerated at the Big Muddy River Correctional Center prior to June 13, 2012. A jury returned a verdict in favor of Defendants and against Plaintiff and judgment was entered on September 18, 2014 (Doc. 129).

Seven months later, Plaintiff filed the Motion for Relief from Judgment. Plaintiff argues that: "Defense committed fraud, intentionally misstated facts surrounding this cause which tainted the jury and deprived Plaintiff of a fair and impartial jury trial" (Doc. 130). In particular, Plaintiff claims that new evidence shows that Defendants committed fraud by misrepresenting to the jury that they were following mandatory policies in denying Plaintiff use of Tarot cards. At the trial, Defendants presented a page (263) of a Chaplaincy Manual which states that "IDOC does not

allow inmates to possess decks of tarot cards" for security reasons (Doc. 131, p. 2). In response, Plaintiff presented page (6) of the Manual which indicated that it is "not a rule book or an administrative policy" (Doc. 130, p. 6).

After judgment was entered in this case, Plaintiff mailed an Illinois Freedom of Information Act Request, 5 Ill. Comp. Stat. §140, *et seq.*, to the Illinois Department of Corrections (IDOC) on December 3, 2014 seeking "any and all documents including . . . policies, practices and/or procedures . . . which address or are related to the restrictions of or denial of access to . . . Tarot cards" (Doc. 130-1, p. 1). In response (dated December 9, 2014), the IDOC states that "The Illinois Department of Corrections does not maintain or possess policies specific to tarot cards" (Doc. 103-1, p. 2). Thus, Plaintiff argues that Defendants fraudulently introduced a policy that the IDOC now claims does not exist (and has engaged in a conspiracy to prevent him from practicing his religion). In response, Defendants note that the Chaplaincy Manual was introduced in order to establish that security concerns warranted the confiscation of the Tarot cards – whether or not the manual is an official policy was irrelevant to the claims before the jury.

## DISCUSSION

Federal Rule of Civil Procedure 60(b) provides that:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

\*\*\*

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in tie to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic, misrepresentation, or misconduct by an opposing party; . . .

"It is well-established that Rule 60(b) relief is an extraordinary remedy and is only granted in exceptional circumstances." *Willis v. Lepine*, 687 F.3d 826, 833 (7th Cir. 2012) (editing marks,

quotation marks, and citation omitted).  Plaintiff has not argued that the Freedom of Information Act letter and response are new evidence that, with reasonable diligence, could not have been discovered earlier.  Nor is there any argument the Defendants intentionally withheld any documents or information in this matter.  Thus, Plaintiff is relying on Rule 60(b)(3) for the proposition that Defendants committed fraud or misrepresentation.  Relief under this subsection requires clear and convincing evidence showing that Plaintiff has a "meritorious claim that she was prevented from fully and fairly presenting at trial as a result of the adverse party's fraud, misrepresentation, or misconduct." *Wickens v. Shell Oil Co.*, 620 F.3d 747, 758-759 (7th Cir. 2010) (quotation marks and citation omitted).

Plaintiff has presented no evidence that Defendants either withheld evidence or misconstrued the evidence submitted in Court.  At most, Plaintiff has shown that the IDOC (which is not a Defendant in this suit) believes that there are no specific policies regarding Tarot cards.  There is no evidence that Defendants withheld that piece of evidence, that they materially misrepresented evidence, or that they colluded with anyone to withhold evidence.  Nor is there any evidence that Plaintiff was somehow prevented from acquiring the IDOC's apparent stance on the existence of policies regarding Tarot card either before or after trial.  Defendants used the Chaplaincy Manual to demonstrate Defendants' motivation for withholding the Tarot cards.  Plaintiff then showed that the Manual did not represent administrative policy (which, in any event, appears to be consistent with the IDOC's response to Plaintiff's documents request).  There has been no showing of fraud, misstatement of fact, or misconduct by Defendants.

## CONCLUSION

For the foregoing reasons, the Motion for Relief from Judgment filed by Plaintiff, Brian C. Mendell, on April 27, 2015 (Doc. 130) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: September 28, 2015**

**DONALD G. WILKERSON**
**United States Magistrate Judge**